IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH EDWARD MARTY &
RUSSELL JAY GOULD,

        Plaintiffs,               No. 2:12-cv-2913 KJM KJN PS

    v.

NEW LINE MORTGAGE,

        Defendant.            ORDER AND
                                       FINDINGS AND RECOMMENDATIONS

_____/

        Through these findings and recommendations, the undersigned recommends that

plaintiffs' case be dismissed with prejudice and that this case be closed.[1]  Plaintiffs Joseph

Edward Marty and Russell Jay Gould twice failed to file an opposition to defendant New Line

Mortgage's motion to dismiss plaintiffs' complaint pursuant to Rule 12(b)(6) and other grounds,

despite plaintiffs having been clearly warned of the consequences for failing to do so.

I.      BACKGROUND

        Plaintiffs, proceeding without counsel, filed their complaint on December 3, 2012

and paid the filing fee.  (Dkt. No. 1.)  That same day, the court issued an order setting a status

conference.  (Dkt. No. 3.)  That order advised the parties that "[f]ailing to obey federal or local

---

[1]  This case proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28
U.S.C. § 636(b)(1).

rules, or [an] order of this court, may result in dismissal of this action.  This court will construe

pro se pleadings liberally, but pro se litigants must comply with the procedural rules." (Id. at 3.)

Additionally, it cautioned the parties that "pursuant to Local Rule 230(c), opposition to granting

of a motion must be filed fourteen days preceding the noticed hearing date.  The Rule further

provides that 'no party will be entitled to be heard in opposition to a motion at oral arguments if

written opposition to the motion has not been timely filed by that party.'  Moreover, Local Rule

230(i) provides that failure to appear may be deemed withdrawal of opposition to the motion or

may result in sanctions." (Id.)  Finally, the order notified the parties that "Local Rule 110

provides that failure to comply with the Local Rules 'may be grounds for imposition of any and

all sanctions authorized by statute or Rule or within the inherent power of the Court.'" (Id.)

On January 3, 2013, defendant filed a motion to dismiss plaintiffs' complaint

pursuant to Federal Rule of Civil Procedure 12(b)(6) and other grounds. (Dkt. No. 9.)  The

motion to dismiss was noticed for hearing on February 7, 2013.  (Id.)[2]  As part of its motion,

defendant correctly observed that plaintiffs' complaint was largely unintelligible gibberish,

merely laying out garbled, code-like sentence fragments that make no cogent or coherent sense.

(Id.)

As noted above, pursuant to this court's Local Rules, plaintiffs were obligated to

file and serve a written opposition, or a statement of non-opposition, to the pending motion at

least fourteen (14) days prior to the hearing date, or January 24, 2013.  See E.D. Cal. L.R.

230(c).[3]  However, plaintiffs failed to file an opposition or statement of non-opposition to the

---

[2] Defendant initially filed its motion to dismiss on December 27, 2012, before the district judge. (Dkt. No. 7.)  After being instructed to notice the motion before the assigned magistrate judge pursuant to Local Rule 302(c)(21), defendant re-noticed its motion to dismiss for a hearing to take place before the undersigned on February 7, 2013.  (Dkt. Nos. 8, 9.)  Defendant's second notice of motion made clear that it superseded the previous December 27, 2012 notice of motion and that the hearing before the district judge had been vacated.  (Dkt. No. 9.)

[3] More specifically, Eastern District Local Rule 230(c) provides:

1  motion by that deadline.

2          As a result of plaintiffs' failure, but in light of their pro se status, the undersigned

3  issued an order on January 29, 2013, continuing the hearing on the motion to dismiss until March

4  14, 2013, and providing plaintiffs with an additional opportunity to file an opposition or

5  statement of non-opposition to the motion on or before February 28, 2013.  (Dkt. No. 11.)  In that

6  order, the undersigned specifically warned plaintiffs that their "*failure to file a written opposition*

7  *will be deemed a statement of non-opposition to the pending motion and consent to the granting*

8  *of the motion to dismiss, and shall constitute an additional ground for the imposition of*

9  *appropriate sanctions, including a recommendation that plaintiffs' case be involuntarily*

10  *dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b)*."  (Id. at 3)

11  (emphasis in original).  The order also advised plaintiffs as follows:

12          Eastern District Local Rule 110 provides that "[f]ailure of counsel
           or of a party to comply with these Rules or with any order of the
13          Court may be grounds for imposition by the Court of any and all
           sanctions authorized by statute or Rule or within the inherent
14          power of the Court."  Moreover, Eastern District Local Rule 183(a)
           provides, in part:

15

16          Any individual representing himself or herself
           without an attorney is bound by the Federal Rules of
17          Civil or Criminal Procedure, these Rules, and all
           other applicable law.  All obligations placed on
18          "counsel" by these Rules apply to individuals
           appearing in propria persona.  Failure to comply
19          therewith may be ground for dismissal, judgment by
           default, or any other sanction appropriate under
20          these Rules.

21          See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se
           litigants must follow the same rules of procedure that govern other

22

23          **(c) Opposition and Non-Opposition.**  Opposition, if any, to the granting of
           the motion shall be in writing and shall be filed and served not less than
24          fourteen (14) days preceding the noticed (or continued) hearing date.  A
           responding party who has no opposition to the granting of the motion shall
25          serve and file a statement to that effect, specifically designating the motion
           in question.  No party will be entitled to be heard in opposition to a motion
26          at oral arguments if opposition to the motion has not been timely filed by that
           party. . . .

3

litigants") (overruled on other grounds).  Case law is in accord that a district court may impose sanctions, *including involuntary dismissal of a plaintiff's case* pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules.[4]  See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua sponte* to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal"); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court"); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal or default).

(Id. at 2-3.)  Although the February 28, 2013 deadline has now passed, the court's docket reveals that plaintiffs again failed to file an opposition to the motion to dismiss.[5]

## II.  DISCUSSION

Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss an action for failure to prosecute, failure to comply with the Federal Rules of Civil Procedure, failure to comply with the court's local rules, or failure to comply with the court's orders.  See, e.g., Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua*

---

[4]  The Ninth Circuit Court of Appeals has held that under certain circumstances a district court does not abuse its discretion by dismissing a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b) for failing to file an opposition to a motion to dismiss.  See, e.g., Trice v. Clark County Sch. Dist., 376 Fed. Appx. 789, 790 (9th Cir. 2010) (unpublished).

[5]  The undersigned further notes that the court's orders have not been returned to the court as undeliverable.  Nevertheless, even if they had been, it is plaintiffs' duty to keep the court informed of their current address, and service of the court's orders at the address on record was effective absent the filing of a notice of change of address.  In relevant part, Local Rule 182(f) provides: "Each appearing attorney and pro se party is under a continuing duty to notify the Clerk and all other parties of any change of address or telephone number of the attorney or the pro se party.  Absent such notice, service of documents at the prior address of the attorney or pro se party shall be fully effective."

4

*sponte* to dismiss a suit for failure to prosecute"); <u>Hells Canyon Preservation Council v. U.S.</u>

<u>Forest Serv.</u>, 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that courts may dismiss an action

pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute

or comply with the rules of civil procedure or the court's orders); <u>Ferdik v. Bonzelet</u>, 963 F.2d

1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court

may dismiss an action for failure to comply with any order of the court"); <u>Pagtalunan v. Galaza</u>,

291 F.3d 639, 642-43 (9th Cir. 2002) (affirming district court's dismissal of case for failure to

prosecute when habeas petitioner failed to file a first amended petition).  This court's Local

Rules are in accord.  <u>See</u> E.D. Cal. L.R. 110 ("Failure of counsel or of a party to comply with

these Rules or with any order of the Court may be grounds for imposition by the Court of any and

all sanctions authorized by statute or Rule or within the inherent power of the Court"); E.D. Cal.

L.R. 183(a) (providing that a pro se party's failure to comply with the Federal Rules of Civil

Procedure, the court's Local Rules, and other applicable law may support, among other things,

dismissal of that party's action).

      A court must weigh five factors in determining whether to dismiss a case for

failure to prosecute, failure to comply with a court order, or failure to comply with a district

court's local rules.  <u>See</u>, <u>e.g.</u>, <u>Ferdik</u>, 963 F.2d at 1260.  Specifically, the court must consider:

> (1) the public's interest in expeditious resolution of litigation;
> (2) the court's need to manage its docket; (3) the risk of prejudice
> to the defendant; (4) the public policy favoring disposition of cases
> on their merits; and (5) the availability of less drastic alternatives.

<u>Id.</u> at 1260-61; <u>accord</u> <u>Pagtalunan</u>, 291 F.3d at 642-43; <u>Ghazali v. Moran</u>, 46 F.3d 52, 53 (9th

Cir. 1995).  The Ninth Circuit Court of Appeals has stated that "[t]hese factors are not a series of

conditions precedent before the judge can do anything, but a way for a district judge to think

about what to do."  <u>In re Phenylpropanolamine (PPA) Prods. Liab. Litig.</u>, 460 F.3d 1217, 1226

(9th Cir. 2006).

////

1    Although involuntary dismissal can be a harsh remedy, on balance the five

2   relevant factors weigh in favor of dismissal of this action.  The first two factors strongly support

3   dismissal of this action.  Plaintiffs' repeated failure to oppose defendant's motion to dismiss,

4   despite clear warnings of the consequences, strongly suggests that plaintiffs have abandoned this

5   action or are not interested in seriously prosecuting it.  See, e.g., Yourish v. Cal. Amplifier, 191

6   F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation

7   always favors dismissal").  Any further time spent by the court on this case, which plaintiffs have

8   demonstrated a lack of any serious intention to pursue, will consume scarce judicial resources

9   and take away from other active cases.  See Ferdik, 963 F.2d at 1261 (recognizing that district

10  courts have inherent power to manage their dockets without being subject to noncompliant

11  litigants).

12    In addition, the third factor, which considers prejudice to a defendant, should be

13  given some weight.  See Ferdik, 963 F.2d at 1262.  Here, defendant has been named in a lawsuit

14  that plaintiffs have effectively abandoned.  Given the complaint's unintelligible allegations,

15  defendant is not even able to meaningfully ascertain the claims against it.  At a minimum,

16  defendant has been prevented from attempting to resolve this case on the merits by plaintiffs'

17  unreasonable delay in prosecuting this action.  Unreasonable delay is presumed to be prejudicial.

18  See, e.g., In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d at 1227.

19    The fifth factor, which considers the availability of less drastic measures, also

20  supports dismissal of this action.  As noted above, the court has actually pursued remedies that

21  are less drastic than a recommendation of dismissal.  See Malone v. U.S. Postal Serv., 833 F.2d

22  128, 132 (9th Cir. 1987) ("[E]xplicit discussion of alternatives is unnecessary if the district court

23  actually tries alternatives before employing the ultimate sanction of dismissal").  Before

24  recommending dismissal, the court granted plaintiffs an additional opportunity to oppose the

25  motion to dismiss and advised plaintiffs that they were required to actively prosecute the action

26  and follow the court's orders.  It also warned plaintiffs in clear terms that failure to oppose the

motion to dismiss, or file a statement of non-opposition to the motion, would result in a recommendation of dismissal of the action with prejudice.  Warning a plaintiff that failure to take steps towards resolution of his or her action on the merits will result in dismissal satisfies the requirement that the court consider the alternatives.  See, e.g., Ferdik, 963 F.2d at 1262 ("[O]ur decisions also suggest that a district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement") (citing Malone, 833 F.2d at 132-33).  In any event, the court finds no suitable alternative to a recommendation for dismissal at this juncture.  Because plaintiffs have not made any attempt to comply with the court's prior orders, the court has little confidence that plaintiffs would pay monetary sanctions if they were to be imposed in lieu of dismissing the case.

The court also recognizes the importance of giving due weight to the fourth factor, which addresses the public policy favoring disposition of cases on the merits.  However, for the reasons set forth above, factors one, two, three, and five strongly support a recommendation of dismissal of this action, and factor four does not materially counsel otherwise.  Dismissal is proper "where at least four factors support dismissal or where at least three factors 'strongly' support dismissal."  Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (citations and quotation marks omitted).  Under the circumstances of this case, the other relevant factors outweigh the general public policy favoring disposition of actions on their merits.  See Ferdik, 963 F.2d at 1263.  If anything, a disposition on the merits has been hindered by plaintiffs' own failure to prosecute the case and comply with court orders.  Moreover, given the unintelligible and nonsensical allegations of plaintiffs' complaint, the court has grave concerns regarding the merits of plaintiffs' claims.

III.   CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. The March 14, 2013 hearing on defendant's motion to dismiss is VACATED.

2. The May 9, 2013 status conference is VACATED.  If necessary, the court will

7

reset the date of that conference.

IT IS ALSO HEREBY RECOMMENDED that:

1.      Plaintiffs' action be DISMISSED WITH PREJUDICE pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute the action and failure to follow the Local Rules and the court's orders.

2.      Defendant's motion to dismiss (dkt. nos. 7, 9) be DENIED AS MOOT.

3.      The Clerk of Court be directed to close this case and vacate all dates.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED AND RECOMMENDED.

DATE:  March 1, 2013

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE